IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                       CASE NO. 5:23-CR-50007

ZACHERY THRICE GREEN                                                                  DEFENDANT

### ORDER

Presently before the Court are Zachery Thrice Green's *pro se* Motion to Vacate under 28 U.S.C. § 2255 (Doc. 43), the Government's Response in Opposition (Doc. 46), and Mr. Green's Reply (Doc. 47). For the reasons stated below, the Motion is entirely without merit and is **DENIED**. As Mr. Green's motion is resolvable by reviewing the record only, there is no need to conduct an evidentiary hearing. *See United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835–36 (8th Cir. 2005) (finding that an evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief). No certificate of appealability will issue.

On March 8, 2023, Mr. Green was charged in an Indictment with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). *See* Doc. 1. Mr. Green appeared with counsel for a change of plea hearing on June 13, 2023, where he pled guilty to the offense. *See* Docs. 16, 17. He was sentenced to 96-months of imprisonment and of 3 years supervised release, and ordered to pay a $1,400.00 fine and a $100.00 special assessment. *See* Doc. 29. Mr. Green filed a timely notice of appeal. (Doc. 31). On appeal, he argued that the Court abused its discretion by imposing a substantively unreasonable sentence. Specifically, he argued the Court improperly weighed aggravating factors such as Mr. Green's propensity for violence and flippancy

1

during his arrest, and mitigating factors such as his mental health issues and childhood circumstances. The Eighth Circuit affirmed this Court's sentence. *United States v. Green*, 2024 WL 4554612 (8th Cir. Oct. 23, 2024) (unpublished).

In his Motion and Reply, Mr. Green makes three arguments: (1) the felon in possession statute violates his Second Amendment rights, although whether this is a facial or as-applied challenge is unclear; (2) his counsel was ineffective in not arguing that his Second Amendment rights were violated; and, on Reply, (3) that the Court imposed a substantively unreasonable sentence in considering his propensity for violence, the possibility he had a gun on his person during a crime he committed two hours prior to his arrest, and two prior offenses he argues were nonviolent.

As the Government notes, there are procedural defects at hand. Most—if not all—of Mr. Green's arguments could have been raised on direct appeal, and are thus procedurally defaulted. *See United States. v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983) ("[s]ection 2255 is not a substitute for direct appeal, and matters which could have been raised on appeal will not be considered."). Where a defendant has procedurally defaulted a claim through their failure to raise it on direct appeal, the defendant may only raise that claim in a § 2255 proceeding by "demonstrating cause for the default and prejudice or actual innocence." *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Mr. Green does not assert any cause that would excuse his default, but even if he had, none of his argued errors demonstrate prejudice or actual innocence.

Mr. Green's first argument, that the felon in possession statute is a violation of his Second Amendment rights, is foreclosed by *United States v. Jackson*, where the Eighth

2

Circuit "concluded that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant" as "[t]he longstanding prohibition on possession of firearms by felons is constitutional." *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) (citing *United States v. Jackson*, 110 F.4th 1120, 1124–25 (8th Cir. 2024)); *United States v.* Haynes, 2025 WL 1258505 at *1 (8th Cir. May 1, 2025) (same); United *States v. Haythorn*, 2025 WL 1368173, at *1 (8th Cir. May 12, 2025) (same). Mr. Green's argument is without merit, and there is no need to conduct an evidentiary hearing on this issue as it is a legal claim where the record conclusively shows that Mr. Green is not entitled to relief.

The same goes for Mr. Green's ineffective counsel argument. To prove ineffective assistance of counsel, a defendant must show both that counsel's performance was so seriously deficient that counsel was "not functioning as the 'counsel' guaranteed by the Sixth Amendment" and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the defendant "must prove a reasonable probability exists that, but for counsel's errors, the results of the proceeding would have been different." *DeRoo v. United States* 223 F.3d 919, 925 (8th Cir. 2000). If the defendant cannot prove prejudice, the Court "need not address whether counsel's performance was deficient." *Id.* Mr. Green was not prejudiced by his counsel not raising a meritless argument. Although *Jackson* was decided after Mr. Green filed his notice of appeal and after the parties filed their briefs, nothing suggests the outcome in his case would have been different had his counsel raised the Second Amendment challenge at the time, or that the law would have developed differently had he done so. As with Mr. Green's Second Amendment argument, no evidentiary hearing

3

is necessary on his ineffective counsel claim. *See Roundtree v. United States*, 751 F.3d 923, 926 (no evidentiary hearing required on ineffective assistance claim if the "record conclusively established" defendant "suffered no prejudice as a result of [counsel's] allegedly deficient performance").

Finally, in his Reply, Mr. Green argues that the Court made false assumptions about his propensity for violence and thus imposed a substantively unreasonable sentence. As an initial matter, the Court need not consider claims brought for the first time in a reply brief. *See Hohn v. United States*, 193 F.3d 921, 924 n.2 (8th Cir. 1999) (citing *United States v. Deering*, 179 F.3d 592, 597 (8th Cir. 1999)). But even if the Court considers these new arguments, they too are meritless. Mr. Green's claims are substantially similar to those his counsel raised on his direct appeal, where the Eighth Circuit found that this Court did not abuse its discretion in weighing aggravating factors such as the fact that Mr. Green had "stolen the gun," "barged into an apartment" (likely, although not certainly with a gun) while searching for a woman at night, then "followed a woman in a car for approximately 20 minutes late at night with the gun" and that he had "committed a brutal jailhouse battery less than two years before" in imposing Mr. Green's sentence. *Green*, 2024 WL 4554612 at *1. Mr. Green misapprehends the record, and the prior offenses Mr. Green takes issue with were not a substantial factor in imposing his sentence, nor did the Court conclusively consider whether or not he had a gun in his possession when he entered the first victim's apartment on the night of his arrest—the inference was but one, of many, aggravating factors. *See generally* Nov. 8, 2023 Hearing Transcript, Doc. 27. Moreover, "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim" and

generally a miscarriage of justice may only occur when the sentence imposed "exceeds the statutory maximum for the offense of conviction." *Sun Bear v. United States*, 644 F.3d 700, 704–06 (8th Cir. 2011). Mr. Green presents no new facts or evidence of his actual innocence, and the sentence imposed was below the statutory maximum for his offense. Here, again, the record alone is sufficient for the Court to rule, and no evidentiary hearing is necessary.

**IT IS THEREFORE ORDERED** that Mr. Green's Motion to Vacate (Doc. 43) is **DENIED**. No certificate of appealability is issued, as Mr. Green has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED** on this 14th day of October, 2025.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE